## Nowalk v. Leapline

*Bayle, Bayle & Cole,* for plaintiffs.
*McCue & Watson,* for defendants.

CICCHETTI, *J.,* February 13, 1976—Plaintiffs have filed a complaint in equity seeking an injunction claiming that defendants have violated certain provisions of the Fayette County Zoning Ordinance, and that defendants' business is causing noise. Defendants filed preliminary objections alleging that the court does not have jurisdiction in this matter.

The question before the court as framed by plaintiffs is as follows: Does the Honorable Court lack jurisdiction in this case for the reason that the cause of action involves only issues which should initially be resolved by the Fayette County Zoning Hearing Board?

Fayette County has adopted a comprehensive zoning plan pursuant to Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. §10101 et seq. This plan empowers the office to evaluate complaints, to have hearings on the same and, also, appeal provisions from an adverse decision from the zoning board.

Plaintiffs claim that, although requested, no hearing has been held, and argues that section 10909 of the Municipalities Planning Code states that nothing contained therein as to the zoning hearing board shall be construed to deny the right to proceed directly into the Court of Common Pleas where appropriate and pursuant to Pa.R.C.P. 1091 through 1098, inclusive.

However, these sections of the Rules of Civil Procedure are directed to an action of mandamus and give the party the right to such an action, in appropriate actions, asking the court to direct a public official to perform his ministerial duty. A mandamus action is a legal remedy although equitable principles govern such an action. Therefore, plaintiffs' cause of action should be resolved by the Fayette County Zoning Hearing Board, and an adverse ruling could be appealed to this court pursuant to said act.

In the event that the board refused arbitrarily to hold such a hearing, then the action of mandamus may be appropriate to have them do so. Therefore, adequate procedures and adequate remedy of law are available to plaintiffs and an injunction will not lie.

## ORDER

And now, February 13, 1976, the preliminary objections filed by defendants are hereby sustained and granted, and the complaint is hereby dismissed.